UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:18-00293

ASHLEY NICHOLE RHODES

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On May 5, 2022, the United States of America appeared by Jeremy B. Wolfe, Assistant United States Attorney, and the defendant, Ashley Nichole Rhodes, appeared in person and by her counsel, Timothy J. LaFon, Esq., for a hearing on a petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson.  The defendant commenced a twenty-four (24) month term of supervised release in this action on May 29, 2020, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on November 20, 2019.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on September 28, 2020, April 28, 2021, May 13, 2021, May 20, 2021, and May 27, 2021, the defendant submitted urine screens that tested positive for amphetamine and methamphetamine, (2) on October 15, 2020, the defendant submitted a urine screen that tested positive for morphine, (3) on May 6, 2021, and June 17, 2021, the defendant submitted urine screens that tested positive for amphetamine, methamphetamine and morphine; (4) on October 13, 2020, the defendant admitted to the probation officer that she had consumed methamphetamine on October 5, 2020, on October 28, 2020, the defendant admitted to the probation officer and that she was consuming methamphetamine on a weekly basis, on December 7, 2020, the defendant admitted to the probation officer that she was consuming heroin daily, on May 3, 2021, the defendant admitted to the probation officer that she was consuming heroin on a frequent basis, and on January 25, 2022, the defendant verbally acknowledged to the

2

probation officer her unlawful use of benzodiazepine approximately one month prior; (5) on February 6, 2022, the defendant was instructed to report to the probation officer on February 9, 2022, and the defendant failed to report as instructed, on March 9, 2022 the probation officer left a business card on the door of the defendant's address instructing her to contact the probation office no later than March 11, 2022, and the defendant failed to contact the probation officer as instructed; and, (6) on June 1, 2020, the offender was instructed to participate in four random urine screens per month, and the defendant failed to submit a urine screen on April 7, April 14, April 23, and April 30, 2021, on January 25, 2022, the defendant was instructed to provide a urine specimen and failed to void as instructed, (7) on January 25, 2022, the defendant was instructed to participate in individual substance abuse counseling at a rate of two hours per month and the defendant failed to schedule and attend any counseling sessions; all in violation of the terms of her supervised release, all as admitted on the record of the hearing by the defendant, and all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, with no further term of supervised release imposed.

The defendant was remanded to the custody of the United States Marshal.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:   May 12, 2022

John T. Copenhaver, Jr.
Senior United States District Judge